IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NICHOLAS RUSK, #Y53118,           )<br>                                                       )<br>               Plaintiff,               )<br>     vs.                                         )      Case No. 23-cv-00953-SMY<br>                                                       )<br>DR. CAILEE MUELLER,               )<br>DR. KAHN, and                           )<br>CHESTER MENTAL HEALTH CENTER,  )<br>                                                       )<br>               Defendants.            ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Nicholas Rusk, an inmate in the custody of the Illinois Department of Corrections and currently incarcerated at Jacksonville Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations arising from his forced treatment with Risperdal at Chester Mental Health Center. The Complaint[1] (Doc. 14) is now subject to preliminary review under 28 U.S.C. § 1915A, which requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *See* 28 U.S.C. § 1915A(a)-(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 14, pp. 4-6): Plaintiff was arrested and detained at Peoria County Jail on or around August 7, 2020. *Id*. at 5. The Jail refused to administer Plaintiff's prescription medications for schizophrenia, post-traumatic stress disorder (PTSD), depression, and insomnia. He became unstable. Plaintiff was eventually declared legally insane and deemed unfit to stand trial. *Id*.

---

[1] Plaintiff filed an unsigned Complaint (Doc. 1) and a signed Complaint (Doc. 14). The signed Complaint (Doc. 14) supersedes and replaces the unsigned version and renders the original Complaint (Doc. 1) **VOID**.

1

Plaintiff transferred to Chester Mental Health Center on April 7, 2021. During intake, Dr. Cailee Mueller asked Plaintiff what medications he was taking. Plaintiff explained that he was prescribed sertraline, trazadone, and Xanax, but the Jail refused to administer his medications. Dr. Mueller promptly ordered sertraline and trazadone for him. In the months that followed, Plaintiff's delusions decreased, his appetite stabilized, his sleep normalized, and he passed the fitness test. *Id*. at 6.

Dr. Mueller then asked Plaintiff to start taking Risperdal for his schizophrenia "only so she could say she did something" before transferring him in July 2021. *Id*. Plaintiff would not consent because he feared over-medication. Dr. Mueller then gave him a "Petition for Forced Medication" that set forth a long list of medications he could be forced to take. Plaintiff never posed a threat of harm to himself or others and felt the petition was inappropriate. To avoid forced medication with "whatever they wanted to give" him, however, Plaintiff reluctantly agreed to take Risperdal. *Id*. He was never informed of the drug's side effects and was threatened with return to Chester if he ever refused to take the medication. He immediately began taking it and continued to do so after leaving Chester. On Risperdal, Plaintiff gained excessive weight, grew "man boobs," and lactated from both breasts. *Id*. He also developed horrible white blotches on his face, neck, and arms. *Id*. at 8. He was only taken off Risperdal when he transferred into the care of Dr. Nuront at Jacksonville Correctional Center. *Id*. at 6.

### **Preliminary Dismissals**

Plaintiff identifies Dr. Kahn as a defendant in the Complaint but makes no allegations against him. If a plaintiff fails to include the name of a defendant in his statement of claim or make any allegations against that individual, that defendant cannot be said to have notice of which claims, if any, are directed against the party. FED. R. CIV. P. 8(a)(2). In other words, simply

invoking the name of a potential defendant is not enough to state a claim. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Therefore, Dr. Kahn will be dismissed from this action without prejudice.

Plaintiff also identifies Chester Mental Health Center as a defendant in the case caption but does not explain why. This entity is not a "person" subject to suit under 42 U.S.C. § 1983. The designation may represent an attempt to hold the institution liable for Plaintiff's injuries, but this type of liability generally only arises from the execution of a government policy or custom that causes a constitutional injury to occur. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978). Plaintiff points to no policy or custom that caused his injuries here. Therefore, Chester Mental Health Center shall be dismissed from this action without prejudice.

Finally, Plaintiff mentions Dr. Nuront in the statement of his claim but does not identify this individual as a defendant. The Court will not treat the individual as a party. FED. R. CIV. P. 10(a) (title of the complaint "must name all the parties"). Therefore, all claims against Dr. Nuront are considered dismissed without prejudice.

## Discussion

The Court designates the following claims in this *pro se* Complaint (Doc. 14):

Count 1:   Dr. Mueller violated Plaintiff's rights under the Fourteenth Amendment by forcing him to take Risperdal against his will when he posed no danger to himself or others at Chester Mental Health Center beginning July 2021.

Count 2:   Dr. Mueller exhibited deliberate indifference to Plaintiff's serious mental health needs in violation of the Eighth Amendment by forcing him to take Risperdal, which caused serious and harmful side effects, instead of sertraline and trazadone, which effectively treated his symptoms of mental illness, at Chester Mental Health Center beginning July 2021.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

### Count 1

The Fourteenth Amendment guards against deprivations of protected liberty interests without due process of law. *See* U.S. CONST., amend XIV. The United States Supreme Court has recognized a significant liberty interest in "avoiding the unwanted administration of antipsychotic drugs." *Washington v. Harper*, 494 U.S. 210, 221 (1990) ("[F]orcible injection of medication into a nonconsenting person's body represents a substantial interference with that person's liberty" because "drugs can have serious, even fatal, side effects."). Drugs, including Risperdal, can "alter[] a person's brain functioning against his will" by "alter[ing] the chemical balance in a patient's brain, leading to changes, intended to be beneficial, in his or her cognitive processes." *Johnson v. Tinwalla*, 855 F.3d 747, 749 (7th Cir. 2017) (citing *Washington v. Harper*, 494 U.S. at 229); *Perry v. Sims*, 511 F.3d 505, 511-12 (7th Cir. 2021). As such, forced medication represents an intrusion on a prisoner's liberty. *Id*.

A prisoner's liberty interest gives way if the state demonstrates that the prisoner has a mental disorder which is likely to cause harm to the prisoner or others absent treatment with an antipsychotic drug. *Johnson*, 855 F.3d at 749 (citing *Washington*, 494 U.S. at 227). Here, Plaintiff alleges that he was effectively managing his mental illness with sertraline and trazadone when Dr. Mueller gratuitously forced him to use an ineffective medication, *i.e.*, Risperdal, without his actual consent, against his will, and to his detriment. Count 1 will therefore proceed against this defendant under the Fourteenth Amendment.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Count 2**

The Eighth Amendment governs Plaintiff's claims for the denial of mental health treatment. U.S. CONST., amend VIII. To state a viable claim, a plaintiff must describe an objectively, sufficiently serious medical condition, such as the mental illnesses that were diagnosed as requiring treatment here. *See Perry v. Sims*, 511 F.3d at 511; *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766 (7th Cir. 2014) (depression); *Rice ex. rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 678 (7th Cir. 2012) (schizophrenia). He must also set forth allegations suggesting that a defendant responded with deliberate indifference, which occurs when officials "know of and disregard an excessive risk to inmate health." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). According to the allegations, Dr. Mueller knowingly or intentionally coerced Plaintiff into taking Risperdal, a medication known to cause serious, harmful, and permanent side effects in men, in lieu of sertraline and trazadone, two medications that were already being used to effectively manage his mental illness. *See also Johnson*, 855 F.3d at 750 (jury could reasonably infer deliberate indifference to a plaintiff's right to refuse Risperdal where the defendant was giving prisoner unmarked pill). Count 2 will therefore proceed against Dr. Mueller.

**Disposition**

The Complaint (Doc. 14) survives screening pursuant to 28 U.S.C. § 1915A. **COUNTS 1** and **2** will proceed against **DR. CAILEE MUELLER**, in an individual capacity, but **COUNTS 1** and **2** are **DISMISSED** without prejudice against **DR. KAHN** and **CHESTER MENTAL HEALTH CENTER**. Plaintiff's Motion for Leave to Submit Evidence (Doc. 18) for discovery purposes is **DENIED without prejudice** because discovery on the merits has not yet begun.

The Clerk shall prepare for **DR. CAILEE MUELLER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 14), and this

Memorandum and Order to the Defendant's place of employment as identified by Plaintiff. If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of service, as authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant Dr. Cailee Mueller is **ORDERED** to timely file an appropriate responsive pleading to the Complaint (Doc. 14) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendant need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to TERMINATE Defendants DR. KAHN and CHESTER MENTAL HEALTH CENTER in CM/ECF; ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act; and RETURN Plaintiff's Proposed Evidence submitted September 15, 2023.**

IT IS SO ORDERED.

DATED:   December 4, 2023            *s/ Staci M. Yandle*
                                     **STACI M. YANDLE**
                                     **United States District Judge**

### Notice to Plaintiff

Once identified, the Court will take the necessary steps to notify the Defendant of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** *from the date the defendant is served with this lawsuit* to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.