IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NICHOLAS RUSK** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 23-cv-0953-SMY |
| | ) |
| **CAILEE MUELLER,** | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Nicholas Rusk, a former pre-trial detainee at Chester Mental Health Center, filed this lawsuit under 42 U.S.C. § 1983 against nurse practitioner Cailee Mueller, alleging constitutional violations for forced treatment. Now pending before the Court is Defendant's motion for summary judgment (Doc. 59). Plaintiff did not file a response.[1] For the following reasons, the motion is **GRANTED**.

## Factual Background

The following facts, derived from Defendant Mueller's affidavit and Plaintiff's medical records, are undisputed unless otherwise indicated: Plaintiff Nicolas Rusk has a history of psychiatric issues, including schizoaffective disorder, bipolar I disorder, alcohol dependence and cannabis abuse. He has numerous alcohol-related convictions beginning in 2011 (Doc. 59-1, pp. 8–9). On December 20, 2020, Plaintiff was found unfit to stand trial in Peoria County on charges of theft and criminal trespass (*Id.*, pp. 2–3). Following an incident in March 2021 in which Plaintiff

---

[1] When a party fails to respond, the Court may accept the movant's statement of facts as true. FED. R. CIV. P. 56(e)(2). Accordingly, the Court accepts Defendant's statement of facts as true in considering its motion for summary judgment.

assaulted an officer while incarcerated at Peoria County Jail, Plaintiff was transferred to Chester Mental Health Center ("Chester") on April 7, 2021 (Doc. 59-1, pp.4–5, 30; Doc. 59-2, p.2 ¶¶8–9).

Upon admission to Chester, Plaintiff consented to treatment with Sertaline and Trazodone for depression and insomnia, respectively (Doc. 59-1, p. 10; Doc. 59-2, p. 2 ¶10). From April through June 2021, multiple fitness assessment noted Plaintiff's ongoing delusions and paranoia, including conspiracy theories involving population control, numerology, chemicals and COVID chips in food (Doc. 59-1, pp. 6–17, 22). He also threatened violence against a peer and exhibited escalating hostility toward his treatment team (*Id.*, p. 18).

On July 20, 2021, Defendant Cailee Mueller prepared a petition for administration of authorized involuntary treatment, seeking to administer Risperidone for Plaintiff's schizophrenia (Doc. 59-1, p. 23). On August 5, 2021, Plaintiff initially objected, but consented to begin Risperidone, up to 16 mg daily after Defendant informed him of potential side effects of Risperidone and alternative medication to address his condition. (*Id.*, pp. 25, 29).

On August 10, 2021, Plaintiff reported that Risperidone had helped him write better and that he was feeling good (*Id.*, p. 26). Defendant recommended a dosage increase, to which Plaintiff agreed, resulting in a dose of 2 mg at bedtime (*Id.*, 29). On August 11, 2021, Plaintiff refused Risperidone due to abdominal pain and constipation (Doc. 59-1, pp. 28–29; Doc. 59-2, p. 5 ¶29). Defendant respected this refusal and prescribed a stool softener (Doc. 59-2, p. 5 ¶29).

On August 17, 2021, Plaintiff signed a form confirming his agreement with his treatment plan (Doc. 59-1, p. 31). Thereafter, another medical provider took over Plaintiff's treatment and increased Plaintiff's Risperidone dosage to 3 mg at bedtime (*Id.*, p. 32). Plaintiff remained cooperative, required no court-enforced medication, and experienced significant mental

improvement (*Id.*, pp. 37–38).  He was ultimately found fit to stand trial (Doc. 59-1, p. 38; Doc.59-2, p. 6 ¶39).

### Discussion

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(a); *Alabama v. North Carolina*, 560 U.S. 330, 344 (2010).  The moving party is entitled to summary judgment if the non-moving party "has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the evidence is merely colorable or not sufficiently probative, summary judgment may be granted.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).  Any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party.  *Lawrence v. Kenosha Cnty.*, 391 F.3d 837, 841 (7th Cir. 2004).

### Fourteenth Amendment (Count I)

The Fourteenth Amendment guards against deprivations of protected liberty interests without due process of law. *See* U.S. Const., amend XIV. The United States Supreme Court has recognized a significant liberty interest in "avoiding the unwanted administration of antipsychotic drugs." *Washington v. Harper*, 494 U.S. 210, 221 (1990) ("[F]orcible injection of medication into a nonconsenting person's body represents a substantial interference with that person's liberty" because "drugs can have serious, even fatal, side effects.").

Here, although Plaintiff initially objected to the administration of Risperidone after Defendant filed a petition for involuntary treatment, he ultimately consented to the medication on August 5, 2021.  As such, Defendant is entitled to summary judgment on this claim.

**Eighth Amendment (Count II)**

To prevail on an Eighth Amendment claim in the context of medical care, a plaintiff must prove (a) the existence of an objectively serious medical need; and (b) deliberate indifference to that condition by each defendant. *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 457-58 (7th Cir. 2020). An objectively serious medical need is one that has been diagnosed by a physician as requiring treatment or one where the need for treatment would be obvious to a lay person. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference occurs when a defendant knows about and disregards an excessive risk to inmate health. *Id*.

Plaintiff argues Defendant's administration of Risperdal, a medication known to cause serious side effects, in lieu of sertraline and trazadone, which were already effectively managing his condition, constitutes deliberate indifference to his medical needs. Defendant does not dispute, at least for summary judgment purposes, that Plaintiff has a serious health condition. The issue is whether a reasonable jury could conclude Defendant acted with deliberately indifference.

To establish deliberately indifference, a prisoner needs to show an official "acted in an intentional or criminally reckless manner." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Here, Defendant initially prescribed Plaintiff with sertraline and trazadone. After several months of ongoing fitness assessment showing persistent delusions and paranoia, Defendant determined that Risperdal was appropriate. Plaintiff consented to the medication after being informed of its potential side effects. Plaintiff's subsequent medical provider also prescribed Risperdal and increased the dosage. Thus, no reasonable jury could find Defendant acted with deliberate indifference. *Collingnon v. Milwaukee Cty.*, 163 F.3d 982, 989 (7th Cir. 1998) (To show deliberate indifference, a plaintiff must show the provider's response was so inadequate that no minimally

competent professional would have acted similarly.).  Defendant is also entitled to summary judgment with respect to Count II.

## Conclusion

For the foregoing reasons, Defendants' motion for summary judgment is **GRANTED**.  The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED:  September 23, 2025**

**STACI M. YANDLE**
**United States District Judge**